UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No.:  0:22-cv-2214 (MJD/TNL)

Pat Nilsen and John Nesse, as Trustees of the
Carpenters & Joiners Welfare Fund and Twin
City Carpenters Pension Master Trust Fund; and
Wayne Nordin as Trustee of the Carpenters and
Joiners    Apprenticeship    and    Journeyman
Training Trust Fund and each of their successors,

Plaintiffs,

vs.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER FOR ENTRY OF DEFAULT
AND INJUNCTION**

Custom  Millwork  L.L.C.,  Glenn  A.  Henry,
individually,

Defendants.

**<u>FINDINGS OF FACT</u>**

1.      Plaintiffs filed a Complaint and Summons in this matter on September 13,

2022. (ECF Nos. 2 and 5).  Defendants were served personally at their place of residence

with the Summons and Complaint in this matter on September 16 and 21, 2022. (ECF Nos.

9-10).

2.      The time allowed by law and specified in the Summons for Defendants to

answer the Complaint has lapsed.  Defendants failed to file an Answer with the Clerk of

Court or serve an appropriate Answer upon Plaintiffs' counsel. The Clerk's Entry of Default was entered against Defendants on October 18, 2022. (ECF No. 14).

3.      Plaintiffs are trustees and fiduciaries of the employee benefit funds for which Plaintiffs are Trustees (the "Funds"). The Funds are joint fringe benefit trust funds which are multi-employer plans as defined by 29 U.S.C. section 1002(37).

4.      At all times material herein, Defendants, through their execution of an agreement between the Carpentry Contractors Association, the Minnesota Drywall and Plasters Associations, and the North Central States Regional Council of Carpenters ("CBA"), were bound to the terms of the CBA.

5.      The CBA requires that Defendants make fringe benefit contributions to the Funds in accordance with its terms.

6.      The CBA requires that Defendants complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service and make payments to the Funds for fringe benefits due for that month.

7.      The CBA and Trust Agreements also require that Defendants furnish to the Plaintiffs, or their authorized agents, on demand, all necessary employment and payroll records, and any other relevant information, whenever such examination is deemed necessary in the discretion of the Trustees.

8.      Plaintiffs requested that Defendants produce a complete set of all employment and payroll records for audit for the period of January 2019 through the

present, for the purposes of auditing the records to determine their compliance with the terms of the CBA. Defendants have not responded to-date.

9.      Defendants have breached their obligations under the CBA and ERISA §515 by failing to produce all records requested by Wilson-McShane Corporation for a compliance audit for the period of January 2019 through the present.

10.      Upon an audit of Defendants' records, if any employees worked hours for which fringe benefit contributions were owed and not reported and paid to Plaintiffs, Defendants will be required to pay those amounts to Plaintiffs pursuant to the CBA.

11.      The CBA and Trust Agreements establishing Plaintiff Funds also provide that when an employer is delinquent in the submission of benefits, it is also liable for liquidated damages of 10%.

12.      Plaintiffs are entitled to their attorney fees and costs incurred in the collection of any delinquency.

## CONCLUSIONS OF LAW

1.      Defendants are in default, and Plaintiffs are entitled to Entry of a Default Order.

2.      Defendants are liable to the Funds for any and all fringe benefit contributions found to be due and owing for the audit period of January 2019 through the date of this Order, together with liquidated damages, interest, and attorney fees and costs incurred in collecting the delinquency pursuant to 29 U.S.C. § 1132 (g).

3.      Defendants are required to submit all records requested by Plaintiffs to allow Wilson-McShane Corporation, the Funds' agent, to complete an audit and accurately

identify whether any additional fringe benefit contributions are due for the periods of January 2019 through the present, and all other months which become due throughout the pendency of this litigation.

4.      Plaintiffs are without any alternative remedy in law, and unable to quantify damages without production of the records needed for a compliance audit.  Therefore, an order providing injunctive relief is appropriate.

## ORDER

**IT IS ORDERED**:

1.      That Plaintiffs' Motion for Entry of Default Order and Injunction is granted.

2.      That Defendants are hereby ordered produce the following records for audit and review for the period of January 2019 through the present, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425:

a. All payroll registers or journals;
b. All fringe fund remittance reports due for January 2019 through the date of the order;
c. All time cards;
d. All Internal Revenue 941 quarterly reports;
e. All Form 1099s and 1096s;
f. All Internal Revenue W 2 and W 3 forms (to the extent such forms are issued by the employer prior to the audit being completed);
g. All payments to any individual for labor or services, regardless of whether the Defendant classifies such individual as an employee or as a subcontractor;
h. All cash disbursement reports or journals;
i. All business checking account registers or journals;
j. All checking account bank statements including copies of all checks issued from the accounts;

k. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

l. All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant;

5.      That Defendants are further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

6.      That Defendants' production of the records required herein shall occur within ten (10) days of entry of this Court's Order and shall be produced at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425 (either in paper form or electronically to *mbohlig@wilson-mcshane.com*).

7.      That upon completion of the audit for the period of January 2019 through the date of this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions, liquidated damages, interest, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment fourteen (14) days after service of the motion and affidavit on Defendants.

Date:  February 28, 2023                    BY THE COURT:

                                           s/Michael J. Davis
                                           Michael J. Davis
                                           United States District Court